IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARCHIE TINDELL** | : | **CIVIL ACTION** |
| v. | : | |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA, et. al.** | : | **NO. 08-cv-1767** |

FILED
APR 21 2008
MICHAEL E. ..., Clerk
By_____ Dep. Clerk

## MEMORANDUM AND ORDER

The Antiterrorism and Effective Death Penalty Act of 1996 (commonly known as "AEDPA," and codified as 28 U.S.C. §§2241-2266) deals with the right of all persons in state custody, or in federal custody, to file a petition in a federal court seeking the issuance of a writ of habeas corpus. In the context of a prisoner in state custody, if such a writ of habeas corpus is issued by a federal court, the prisoner will be released from state custody on the grounds that certain rights accruing to that prisoner pursuant to the United States Constitution[1] have been violated; habeas corpus motions pursuant to AEDPA are the _only_ possible means of obtaining this type of relief from state custody.[2]

In cases involving prisoners in state custody, AEDPA, if it applies at all, provides for relief by means of 28 U.S.C. §2254 (in some factual situations), or by means of 28 U.S.C. §2241 (in other factual situations). Relief pursuant to 28 U.S.C. §2254 is limited

---

[1] For the purpose of brevity, we will use the term "Constitutional" to refer not only to attacks based on alleged violations of the U.S. Constitution, but also to attacks based on any asserted federal collateral grounds for relief from custody, such as alleged violations of federal statutes and treaties involving the United States, or an alleged lack of jurisdiction by the sentencing court.

[2] Benchoff v. Colleran, 404 F.3d 812 (3rd Cir. 2005); Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001).

1

by the terms of 28 U.S.C. §2254 itself to a **_constitutional_**[3] attack on the imposition, **_and/or_** the execution,[4] of a state conviction and/or a state sentence, made by a person in custody,[5] which may only be filed after the state conviction has been imposed.[6]

Because in federal jurisprudence, a more specific statute takes precedence over a more general statute, and because §2254 is more specific than §2241, a state prisoner may only rely on §2241 if the matter does not fall under §2254.[7] A grant of relief pursuant to 28 U.S.C. §2241 in cases involving state custody is therefore limited to an attack on state custody that is constitutional in nature, and that is made before the imposition of the state conviction.

Petitioner is in custody of the state of Pennsylvania; he filed a petition in this court on April 14, 2008, seeking Habeas Corpus relief from this state custody; he does not state whether he seeks relief pursuant to §2254 or §2241.

In this filing of April 14, 2008, petitioner did not provide the following information:

1. what crime he was convicted of committing, and
2. the duration of his corresponding sentence, if any, and

---

[3] Where there is an attack on state custody which does not involve a Constitutional argument, there is no right to habeas corpus relief, and, assuming that petitioner's appeals in state court are exhausted, the proper remedy lies in filing a petition with the state's Governor seeking executive clemency. Herrera v. Collins, 506 U.S. 390 (1993). Although Herrera is a pre-AEDPA case, it remains valid law after the enactment of AEDPA. Ruiz v. USA, 221 F.Supp. 2d 66 (D.Mass. 2002), aff'd, 339 F.3d 39 (1st Cir. 2003).

[4] Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001).

[5] Spencer v. Kemna, 523 U.S. 1 (1998).

[6] Benchoff v. Colleran, 404 F.3d 812 (3rd Cir. 2005); Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001).

[7] Coady v. Vaughn, 251 F.3d 480 (3rd Cir. 2001).

2

3.  the grounds on which he seeks habeas corpus relief.

Without these three pieces of information, this court is unable to determine with certainty whether petitioner intended by means of his filing to seek relief pursuant to 28 U.S.C. §2254 or 28 U.S.C. §2241. This is a key issue, as this court has a current standard form which must be completed in any 28 U.S.C. §2254 case.[8] Use of this Court's current standard form in 28 U.S.C. §2254 habeas cases is necessary so as to guarantee that Petitioner is made aware of the specific warnings required from this Court at the commencement of any 28 U.S.C. §2254 habeas case pursuant to ***USA v. Thomas***, 221 F.3d 430 (3rd Cir. 2000) (which relates to the ***strict and short*** statute of limitations, created by 28 U.S.C. §2244(d), that exists for filing a 28 U.S.C. §2254 petition); and ***Mason v. Meyers***, 208 F.3d 414 (3rd Cir. 2000) (which relates to the ***strict*** restrictions, created by 28 U.S.C. §2244(b), on a District Court's ability to consider a "second or successive" 28 U.S.C. §2254 petition) (these specific ***Thomas*** and ***Mason*** warnings are contained in the introductory text of this Court's aforesaid current standard form). Whereas this Court is required by the Third Circuit's language in the ***Thomas*** and ***Mason*** decisions to give petitioners in §2254 cases these ***Thomas*** and ***Mason*** warnings at the time of filing, that this court cannot "waive" the form requirements of Local Civil Rule 9.3(b).

We also note that even though there is no §2241 form in this district, that the petitioner must either apply for leave to proceed *in forma pauperis* or pay a $5.00 filing fee in both types of habeases that attack state custody (in other words, the fee requirement must be satisfied in both §2254 cases and §2241 cases).

Accordingly, this                              Day of April 2008,  it is hereby **ORDERED** as follows.

1.  The Clerk of this Court shall furnish petitioner with a blank copy of this

---

[8]There is no such form for 28 U.S.C. §2241 petitions.

3

court's current standard form for filing a petition pursuant to 28 U.S.C. §2254 (bearing the above-captioned civil action number), including the *in forma pauperis* application form for all state habeas cases.

2. Petitioner shall notify this court within thirty (30) days whether he intends to seek relief pursuant to 28 U.S.C. §2254 or 28 U.S.C. §2241; this court will interpret this notification as permission from petitioner to so characterize, or re-characterize, the petition.

3. If petitioner seeks relief pursuant to 28 U.S.C. §2254, petitioner shall provide this court with notice[9] of this intent within thirty (30) days. If petitioner seeks relief pursuant to §2254, he shall <u>complete</u> the aforesaid current standard form and <u>return</u> it to the Clerk of Court within thirty (30) days, together in the same envelope with <u>**either:**</u> a completed *in forma pauperis* application form (including the requisite certification of prison assets signed by a prison official); <u>**or**</u>, a check for five dollars.

4. If petitioner seeks relief pursuant to 28 U.S.C. §2241, petitioner shall provide this court with notice[10] of this intent within thirty (30) days. If petitioner seeks relief pursuant to §2241, he shall <u>**either:**</u> complete and return the *in forma pauperis* form to the Clerk of Court within thirty (30) days (including the requisite certification of prison assets signed by a prison official); <u>**or**</u>, in the alternative, tender the required $5.00 filing fee to the Clerk of Court within thirty (30) days.

5. Petitioner's failure to comply with the terms of this Order shall result in the dismissal of 08-cv-1767.

*[signature]*
**BERLE M. SCHILLER, U.S. District Judge**

---

[9] In which he shall clarify the grounds upon which he seeks habeas corpus relief, as well as the reason for and the duration of his sentencing.

[10] In which he shall clarify the grounds upon which he seeks habeas corpus relief, as well as the reason for and the duration of his sentencing.