IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ARCHIE TINDELL | : | CIVIL ACTION |
| v. | : | |
| COMMONWEALTH OF | : | |
| PENNSYLVANIA, et. al. | : | NO. 08-cv-1767 |

## MEMORANDUM AND ORDER

The Antiterrorism and Effective Death Penalty Act of 1996 (commonly known as "AEDPA," and codified as 28 U.S.C. §§2241-2266) deals with the right of all persons in state custody, or in federal custody, to file a petition in a federal court seeking the issuance of a writ of habeas corpus. In the context of a prisoner in state custody, if such a writ of habeas corpus is issued by a federal court, the prisoner will be released from state custody on the grounds that certain rights accruing to that prisoner pursuant to the United States Constitution[1] have been violated.

Petitioner is in the custody of the state of Pennsylvania; he filed a petition in this court on April 14, 2008 which he captioned as "Order for Issuance of Writ of Habeas Corpus."[2] This petition omits certain information, leaving this court unable to determine:

---

[1] For the purpose of brevity, we will use the term "Constitutional" to refer not only to attacks based on alleged violations of the U.S. Constitution, but also to attacks based on any asserted federal collateral grounds for relief from custody, such as alleged violations of federal statutes and treaties involving the United States, or an alleged lack of jurisdiction by the sentencing court.

[2] This petition was assigned to the undersigned judge at random. Tindell has one prior civil action in this court, 06-cv-4263, which was assigned to the calendar of the Honorable Petrese B. Tucker. 06-cv-4263 was an action seeking the issuance of a writ of mandamus against the Sheriff of Fayette County, Pennsylvania. Tindell charged that the sheriff should be compelled to serve summons on the defendants in a civil case he filed in the Court of Common Pleas of Fayette County. Although it is difficult to be sure, this state case apparently involved prison conditions. Accordingly, this court rejects Tindell's contention that 08-cv-1767 belongs on the calendar of Judge Tucker.

1. what crime Tindell was convicted of committing, and why he is in custody.

2. whether Tindell seeks to attack:

    A. the imposition of his state conviction/ sentence; or,
    B. the execution of his state conviction and/or sentence; or
    C. prison conditions.

3. the grounds by means of which Tindell he seeks to justify habeas corpus relief.

Without this information, this court is unable to determine with certainty whether petitioner really intended by means of his filing to seek relief pursuant AEDPA. Therefore, on April 21, 2008, this court Ordered petitioner to resubmit his petition on the court's current standard 28 U.S.C. §2254 form. Rather than complying with this Order, petitioner filed objections to it on May 2, 2008; however, this filing of May 2, 2008 does not clarify anything.

Accordingly, this 9th day of June, 2008, it is hereby

**ORDERED** as follows.

1. 08-cv-1767 is **DISMISSED WITHOUT PREJUDICE**.

2. The Clerk of this Court shall mark 08-cv-1767 as **CLOSED** for all purposes, including statistics.

_____
**BERLE M. SCHILLER, U.S. District Judge**